IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
RONALD C. EVANS                    )
and AUDREY J. EVANS,               )
                                   )
    Plaintiffs,                    )
                                   )   No. 2:18-cv-02506-SHM-dkv
v.                                 )
                                   )
LIBERTY MUTUAL INSURANCE CO.,      )
NORMA CRUZ, and BRITTNEY           )
BRIGHT,                            )
                                   )
    Defendants.                    )
```

ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated August 20, 2018 (the "Report"). (ECF No. 6.) The Report recommends that the Court *sua sponte* dismiss Plaintiffs' claims against Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). (Id. at 42.)[1] Plaintiffs have not objected to the Report.

For the following reasons, the Report is ADOPTED. The action is DISMISSED.

I. Background

On July 23, 2018, Plaintiffs filed a *pro se* Complaint. (ECF No. 1.) The Complaint alleges that Plaintiffs' 2016 Kia

---
[1] Unless otherwise noted, all pin cites for record citations are to the "Page-ID" page number.

Forte was damaged in a storm and deemed a "total loss." (Id. at 2-3.) Plaintiffs filed an insurance claim, but their insurer did not pay for a replacement vehicle or car rental fees. (Id. at 3.) Plaintiffs seek those payments and "damages for defamation." (Id.)

On July 23, 2018, Plaintiffs also applied to proceed *in forma pauperis*. (ECF No. 2.) On August 20, 2018, the Court granted Plaintiffs' motion to proceed *in forma pauperis*. (ECF No. 6.)

On August 20, 2018, United States Magistrate Judge Diane K. Vescovo entered the Report. (ECF No. 6.) The Report recommends that the Complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3) because "the court does not have subject-matter jurisdiction over this case." (Id. at 41.)

**II. Analysis**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge

2

of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiffs have not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

**III. Conclusion**

For the foregoing reasons, the Report is ADOPTED. The action is DISMISSED.

So ordered this 11th day of September, 2018.

                                          /s/ Samuel H. Mays, Jr.
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE